IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHAD LEWIS LANIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-01241-O |
| | § | |
| WISE COUNTY, WISE COUNTY SHERIFF LANE AKIN, AND WES WALLACE, | § § § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT</u>**

S. Cass Weiland
Texas Bar No. 21081300
SQUIRE PATTON BOGGS (US) LLP
2200 Ross Avenue, Suite 4100W
Dallas, Texas 75201
(214) 758-1504 (tel.)
(214) 758-1550 (fax)
cass.weiland@squirepb.com

ATTORNEYS FOR DEFENDANTS WISE COUNTY, SHERIFF LANE AKIN, AND WES WALLACE

# TABLE OF CONTENTS

**Pages**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION ...........................................................................................................................1

RELEVANT FACTS .......................................................................................................................1

ARGUMENT AND AUTHORITIES ..............................................................................................2

    A.  Governing Legal Standards ..................................................................................................2

    1.  The Title VII Claim ............................................................................................................2

        a.  Was the alleged harassment motivated by sexual desire? .........................................3

        b.  Was the alleged harasser motivated by a general hostility to males? ......................4

        c.  Did the alleged harasser treat males differently than females? ................................4

    2.  Plaintiff Seeks to Expand Title VII to a General Civility Code ............................................4

    3.  Failure to Complain/Lack of Extreme Conduct ....................................................................5

    4.  There Is No Individual Liability Under Title VII.................................................................6

    5.  The Texas Labor Code Claim ...............................................................................................7

    B.  Specific Responses to Plaintiff's Claims .............................................................................8

    1.  "Plaintiff was supervised, in part, by Defendant Captain Wes Wallace, who subjected him to repeated, explicit, unwanted sexual comments over an 18-month period." (ECF No. 1, ¶ 7) ......................................................................................................................................8

    2.  "Plaintiff complained to Wise County" ................................................................................9

    3.  "Defendants determined that Wallace repeatedly subjected Plaintiff to unwanted sexual comments." (ECF No. 1, ¶ 10) .............................................................................................9

    4.  "Must continue working under Captain Wallace" (ECF No. 1, ¶13) ...................................9

    5.  "Wise County constructively discharged Lanier" (ECF No. 1, ¶ 12) ................................10

CONCLUSION ........................................................................................................................10

CERTIFICATE OF SERVICE ...............................................................................................11

1100033205\11\AMERICAS

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alamo Heights Indep. Sch. Dist. v. Clark*,
  544 S.W.3d 755 (2018) ................................................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................................2

*Benningfield v. City of Houston*,
  157 F.3d 369 (5th Cir. 1998) .....................................................................................................10

*Brown v. Kinney Shoe Co.*,
  237 F.3d 556 (5th Cir. 2001) .....................................................................................................10

*City of San Antonio v. Cancel*,
  261 S.W.3d 778 (Ct. of App–Amarillo, 2008) ............................................................................8

*Faragher v. City of Boca Raton*,
  524 U.S. 775 (1998) ....................................................................................................................6

*Grant v. Lone Star Co.*,
  21 F.3d 649 (5th Cir. 1994) .........................................................................................................7

*Harvey v. Blake*,
  913 F.3d 226 (5th Cir. 1990) .......................................................................................................7

*Indest v. Freeman Decoration, Inc.*,
  164 F.3d 258 (5th Cir. 1999) ...................................................................................................6, 7

*La Day v. Catalyst Technology*,
  302 F.3d 474 (5th Cir. 2002) .......................................................................................................3

*Lauderdale v. Texas Dept. of Crim. Justice*,
  512 F.3d 157 (5th Cir. 2007) .....................................................................................................10

*Love v. Motiva Enters. LLC*,
  349 F. App'x. 900 (5th Cir. 2009) (unpublished) .......................................................................9

*Newbury v. City of Windcrest*,
  991 F.3d 672 (5th Cir. 2021) .....................................................................................................10

*Oncale v. Sundowner Offshore Svcs., Inc.*,
 523 U.S. 75 (1998) ................................................................................................... *passim*

*Oncale*, *EEOC v. Boh Bros. Const. Co., LLC*,
 731 F.3d 444 (5th Cir. *en banc* 2013) ...................................................................... 3, 4, 5, 9

*Rios v. City of Del Rio, Tex.*,
 444 F.3d 417 (5th Cir. 2006) ........................................................................................... 2

*Scott v. Harris*,
 550 U.S. 372 (2007) ......................................................................................................... 1

*Shepherd v. Comptroller of Pub. Accts. of State of Texas*,
 168 F.3d 871 (5th Cir. 1999) ........................................................................................... 5

*Texas Dept. of Family & Protective Servs. v. Whitman*,
 530 S.W.3d 703 (Tex. App.—Eastland 2016) ................................................................. 8

**Statutes**

Texas Labor Code Sec. 21.051 ............................................................................................. 7

**Other Authorities**

U.S. Const. am. 1 .................................................................................................................. 5

Fed. R. Civ. P. Rule 12(b)(6) ........................................................................................... 2, 10

COME NOW, Wise County, Wise County Sheriff Lane Akin, and Wes Wallace ("Defendants"), and file this Motion to Dismiss and Brief in Support, and state as follows:

## INTRODUCTION

This is an unusual employment action involving a claim of same-sex harassment. The Plaintiff makes several federal and State claims, none of which are cognizable under well-established Supreme Court, Fifth Circuit, or Texas law. Plaintiff Lanier, a career law enforcement officer, became the subject of an internal investigation in the Office of the Sheriff of Wise County, Texas, and promptly retired. As he left the office, he claimed he was the victim of crude language emanating from his long-time friend and contemporary, Defendant Wes Wallace. As discussed below, the Complaint fails on numerous levels and should be dismissed with prejudice.

## RELEVANT FACTS

In the context of a dispositive motion such as this, the Court is obliged to view the facts alleged by the plaintiffs and draw reasonable inferences in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). When clear evidence refutes the factual allegations of the plaintiffs, however, the Court can rely on the evidence. Here, the Plaintiff makes these factual assertions.

1. Plaintiff was supervised, in part, by Captain Wes Wallace (ECF No. 1, ¶ 7)

2. Over an 18-month period, Plaintiff was subjected to repeated, explicit, unwanted sexual comments (ECF No. 1, ¶ 7).

3. On January 4, 2022, Plaintiff complained to Wise County (ECF No. 1, ¶ 8).

4. Defendants determined that Wallace repeatedly subjected Plaintiff to unwanted sexual comments.

5. On January 10, 2022, Plaintiff was told he would have to continue working under Wallace (ECF No. 1, ¶ 10).

6. Plaintiff decided to retire on January 10, 2022 (ECF No. 1, ¶ 13).

Even if the Court affords Plaintiff the benefit of every favorable inference, his claims still fail as a matter of law. Plaintiff's Complaint must be dismissed because the allegations do not constitute actionable same-sex harassment under applicable law, and thus the Complaint does not contain sufficient facts to state a claim upon which relief may be granted.

## ARGUMENT AND AUTHORITIES

### A.  *Governing Legal Standards*

On a Rule 12(b)(6) motion, dismissal is warranted when the facts alleged fail "to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or when "the complaint lacks an allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). A plausible claim for relief must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### 1. The Title VII Claim

The Supreme Court recognized the possibility of a plaintiff raising a same-sex harassment claim in *Oncale v. Sundowner Offshore Svcs., Inc.*, 523 U.S. 75 (1998). Pursuant to *Oncale*, in order to make such a claim, a plaintiff could show:

1) The harasser was homosexual and the conduct in question was motivated by sexual desire; or

2) The harasser was generally hostile to same gender workers; or

3) That the harasser treated one sex worse than the opposite sex.

*Id.* at 80-81 (paraphrasing). Here, Plaintiff's Complaint involves none of these elements, nor does it feature a claim of "sex stereotyping" condemned in other relevant cases. Thus, Plaintiff's rudimentary Title VII claim should be dismissed.

### a) Was the alleged harassment motivated by sexual desire?

As discussed in *Oncale*, *EEOC v. Boh Bros. Const. Co., LLC*, 731 F.3d 444, 455 (5th Cir. *en banc* 2013), and numerous other same-sex cases, the usual approach for a plaintiff to prove same-sex harassment is to show some "credible evidence" that the harasser was homosexual and thus inferentially interested in a sexual relationship. In *La Day v. Catalyst Technology*, 302 F.3d 474, 480 (5th Cir. 2002), the Fifth Circuit identified two types of evidence that could serve as credible evidence of homosexuality: (1) evidence that the harasser "intended to have some kind of sexual contact with the plaintiff rather than to merely humiliate him for reasons unrelated to sexual interest" or (2) evidence that the harasser "made same-sex sexual advances to others, especially to other employees." *La Day*, at 480. Indeed, *Oncale* reversed the Fifth Circuit's narrower reading of Title VII, but only if a plaintiff could "prove that the conduct at issue was not merely tinged with offensive sexual connotations" as here. *La Day* at 478, citing *Oncale* at 81.

Here, however, Plaintiff's Complaint does not allege that Defendant Wallace was homosexual or that his comments were motivated by sexual interest. Further, Plaintiff does not allege that Defendant Wallace made similar comments to other male employees. Instead, Plaintiff's Complaint describes two older heterosexual married men talking in vulgar terms to each other. It does not allege either party was homosexual, nor that the comments were the result of a genuine sexual interest.

3

### b) Was the alleged harasser motivated by a general hostility to males?

This further category of same-sex harassment is referenced in *Oncale* and *Boh Brothers* as an illustration of what might serve as an "evidentiary path" for a plaintiff. *Boh Brothers*, 731 F.3d at 455. The Complaint does not assert any inbred hostility on the part of any defendant towards males in the workforce, nor does it allege that the alleged comments were made to Plaintiff because of his sex. Indeed, the vast majority of employees in the Sheriff's Office are male, and the alleged vulgar comments, taken in context, could not have altered the conditions of Lanier's employment.

### c) Did the alleged harasser treat males differently than females?

Cases suggest that another possible path to liability in these cases for a plaintiff would be to claim the defendant or defendants stereotyped him as a homosexual or less than "macho" male. *See Boh Bros.*, 731 F.3d at 455-460. This case, however, far from any alleged stereotyping, simply involves vulgar, inappropriate talk, and the Complaint does not allege this type of liability. Thus, according to the jury instructions cited in *Boh Bros.*, 731 F.3d at 470, merely offensive utterances of this nature are not actionable.

### 2. Plaintiff Seeks to Expand Title VII to a General Civility Code

*Oncale* makes it clear that:

> Whatever evidentiary route the plaintiff chooses to follow, he or she must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted 'discrimination because of . . . sex.'

*Oncale*, 523 U.S. at 81.

Again, there is nothing effectively pled that would suggest that the crude statements by Defendant Wallace constituted unlawful discrimination "because of sex."

The Complaint alleges the very type of liability for workplace speech condemned in *Oncale* and subject to withering dissents in *Boh Brothers*. As noted by Judge Jones: "Vulgar speech is

4

ubiquitous in today's culture and is everywhere else protected from government diktat by the First Amendment." *Boh Bros.*, 731 F.3d at 475. Of course, the *Boh Brothers* majority eschews the notion that its opinion punishes routine workplace vulgarity. *Id.* at 454-455. But the majority does emphasize that a plaintiff must prove not only that the discrimination occurred *because of sex*, but also that the harasser's behavior was so objectively offensive as to alter the conditions of his or her employment. *Id.* at 455, quoting *Oncale*, 523 U.S. at 81; *see also Shepherd v. Comptroller of Pub. Accts. of State of Texas*, 168 F.3d 871, 874 (5th Cir. 1999) ("To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so.).

Here, Plaintiff offers vague examples of Defendant Wallace's alleged vulgarity, which supposedly occurred over an 18-month period, with nary a complaint and without providing context as to time, place, or number of occurrences. Accordingly, Plaintiff has not pled facts sufficient to demonstrate that the alleged harassment was objectively or subjectively offensive.

**3.      Failure to Complain/Lack of Extreme Conduct**

The Complaint alleges the duration of the harassment was 18 months and that the Plaintiff resigned on January 10, 2022. Hence, the harassment allegedly started in July 2020. Yet, the Complaint states: "On January 4, 2022, Plaintiff Lanier complained to Defendant Wise County about sexual harassment." (Complaint, ¶ 8). Thus, for essentially the entire 18 months of the alleged harassment – which had to be so objectively and subjectively offensive as to alter the "conditions" of his employment to be actionable – the Plaintiff said nothing. *See Shepherd*, 168 F.3d at 874; *Oncale*, 523 U.S. at 81. This deficiency in Plaintiff's claims demonstrates Wallace's conduct could not possibly be considered severe or pervasive enough to create a sufficiently hostile environment as required by *Oncale*.

In *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998), the Supreme Court stated the "demanding standards for a sexual hostile environment claim:"

> We have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment, and the courts of appeal have heeded this view.

*Indest v. Freeman Decoration, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999) *citing Faragher*, 524 U.S. 775.

Judge Jones' opinion in *Indest* went on to say:

> All of the sexual hostile environment cases decided by the Supreme Court have involved patterns or allegations of extensive, longlasting, unredressed, and uninhibited sexual threats or conduct that permeated the plaintiffs' work environment. *See e.g., Faragher*, 524 U.S. 775; *Ellerth*, 524 U.S. 742; *Oncale*, 523 U.S. 75, *Harris*, 510 U.S. 17; *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57.

*Indest* at 264 (cleaned up).

Here, not only was there a failure to complain prior to the Plaintiff coming under internal investigation, but also an obvious lack of any extreme conduct – the danger the courts have warned of in the event an employee raises the specter of sexual harassment.

**4.      There Is No Individual Liability Under Title VII**

The Fifth Circuit has held that:

> [I]t is well established that 'a party may not maintain a suit against an employer and its agent under Title VII.'

*Le v. Atrium at Lafreniere*, 2008 WL 1867419 at *5 C.A. No. 07-03806 (E.D. La.) (March 26, 2008), citing *Indest v. Freeman Decorating*, 164 F.3d 258, 262 (5th Cir. 1999); *and see Goins v. Hitchcock I.S.D.*, 91 F. Supp. 2d 860, 869 (S.D. Tex. 2002).

Plaintiff has asserted a Title VII claim against Sheriff Lane Akin. This action is barred by the numerous Fifth Circuit cases cited herein. The Plaintiff was an employee of Wise County. Because Defendant Akin was not Lanier's employer, he has no liability under Title VII, and must

be dismissed. *Grant v. Lone Star Co.,* 21 F.3d 649, 652 (5th Cir. 1994); *Indest*, 164 F.3d at 262; *Harvey v. Blake*, 913 F.3d 226, 227-228 (5th Cir. 1990).

**5.      The Texas Labor Code Claim**

Plaintiff asserts claims under Sec. 21.051 of the Texas Labor Code against Defendants Wise County and Sheriff Lane Akin, and under Sections 21.051 and 21.141 against Defendant Wallace.

Section 21.051 reads as follows:

> Sec. 21.051.  DISCRIMINATION BY EMPLOYER.  An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
>
>    (1)  fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
>
>    (2)  limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

Section 21.141 states as follows:

> Sec. 21.141.  DEFINITIONS.  In this subchapter:
> (1) "Employer" means a person who:
>
>    (A)  employs one or more employees; or
>
>    (B)  acts directly in the interests of an employer in relation to an employee.
>
> (2) "Sexual harassment" means an unwelcome sexual advance, a request for a sexual favor, or any other verbal or physical conduct of a sexual nature if:
>
>    (A) submission to the advance, request, or conduct is made a term or condition of an individual's employment, either explicitly or implicitly;
>
>    (B) submission to or rejection of the advance, request, or conduct by an individual is used as the basis for a decision affecting the individual's employment;

(C) the advance, request, or conduct has the purpose or effect of unreasonably interfering with an individual's work performance; or

(D) the advance, request, or conduct has the purpose or effect of creating an intimidating, hostile, or offensive working environment.

By its terms, Section 21.141 does not proscribe anything alleged in the Complaint. There was no sex involved in the Plaintiff's allegations of "sexual harassment."

If anything, the Texas approach to the issue of same-sex discrimination is even more exacting on plaintiffs than Title VII. For example, the Texas Supreme Court rejected a same-sex case involving females because there was no evidence the female coach's harassment was motivated by sexual desire. This was the conclusion, despite evidence of comments about the other's breasts and buttocks, and physically grabbing the other female. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 773-775 (2018). In *Texas Dept. of Family & Protective Servs. v. Whitman*, 530 S.W.3d 703, 711-712 (Tex. App.—Eastland 2016), a same-sex case, the Eastland Court of Appeals noted that the plaintiff did not contend the harassers were homosexual; the harassers were equally obnoxious to both sexes, and did not evidence hostility only against women, etc. The sexually inappropriate remarks simply did not permeate the workplace in a severe or pervasive way; and *see, City of San Antonio v. Cancel*, 261 S.W.3d 778, 786 (Ct. of App–Amarillo, 2008) (alleged same-sex harassment included boorish and offensive remarks, but not severe enough to constitute harassment.) In effect, Texas courts have rejected same-sex claims based on much more serious allegations than contained in Lanier's Complaint.

B. *Specific Responses to Plaintiff's Claims*

We address the Plaintiff's claims in the order they are raised in the Complaint:

1. ***"Plaintiff was supervised, in part, by Defendant Captain Wes Wallace, who subjected him to repeated, explicit, unwanted sexual comments over an 18-month period." (ECF No. 1, ¶ 7)***

These allegations, standing alone, do not begin to state a viable cause of action. The examples of crude remarks made by Captain Wallace are insufficient to establish "sexual harassment" of a 30-year law enforcement officer (*see* ECF No. 1, ¶ 14). *Oncale*, 523 U.S. at 81; *Boh Bros.*, 731 F.3d at 454-455; *and see, Love v. Motiva Enters. LLC*, 349 F. App'x. 900, 902 (5th Cir. 2009) (unpublished); *Alamo Heights ISD* at 763 (Anti-discrimination laws target discrimination, not morality or vulgarity.)

2.  *"Plaintiff complained to Wise County."*

A prior complaint followed by no action taken by the employer might support a sexual harassment claim in some way. But the assertion that the Plaintiff complained on January 4, 2022, and resigned on January 10, 2022, coupled with the concession that the County took action (ECF No. 1, ¶ 10), does not establish the viability of a federal or State claim in any way.

3.  *"Defendants determined that Wallace repeatedly subjected Plaintiff to unwanted sexual comments."* **(ECF No. 1, ¶ 10).**

This statement does not support a sexual harassment claim. First, it is untrue. It is apparently simply speculation. Second, assuming it was true, occasional and isolated "sexual comments," *such as the ones alleged in the Complaint*, are not actionable. *See* cites, *supra*. Indeed, the statement concedes the employer took some action which, under some circumstances, would be dispositive in itself.

4.  "*Must continue working under Captain Wallace"* **(Complaint, ¶ 13)**

Assuming this was true, which it is not, an employer's refusal to reassign an employee based on the type of comments referenced in the Complaint, does not support the claims made by the Plaintiff. This statement is designed to support Plaintiff's constructive discharge claim which is also not viable. *See* discussion *infra*. To be actionable, the Plaintiff's Complaint must

incorporate the crucial Supreme Court and Fifth Circuit requirements that the harassment arose *because of sex*. Moreover, Plaintiff concedes that Wallace had been disciplined. Thus, this claim fails to advance any otherwise actionable theory.

5.     ***"Wise County constructively discharged Lanier"*** **(ECF No. 1, ¶ 12)**

Plaintiff concedes he voluntarily left his employment in the Sheriff's Office, although he claims "constructive discharge." To establish a constructive discharge under relevant case law, a plaintiff must establish that the working environment was so intolerable that a reasonable person would have felt compelled to resign. *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998); *Lauderdale v. Texas Dept. of Crim. Justice*, 512 F.3d 157, 166 (5th Cir. 2007).

Here, the Complaint alleges that Lt. Lanier first complained about Wallace on Tuesday, January 4, 2022, that the County determined (at some unspecified time), that Wallace was harassing Lanier but, notwithstanding this, Lanier quit work the following Monday, January 10, 2022. This was not a constructive discharge, but rather a decision by Lanier to avoid the possible negative effects of an ongoing internal affairs investigation. In any event, even a hostile work environment does not trigger a constructive discharge. A "greater degree of harassment" is required. *Brown v. Kinney Shoe Co.*, 237 F.3d 556, 566 (5th Cir. 2001); *Newbury v. City of Windcrest*, 991 F.3d 672, 677 (5th Cir. 2021).

## CONCLUSION

WHEREFORE, based on all of the foregoing facts and arguments, Defendants urge the Court to dismiss the case pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Respectfully submitted,

*/s/ S. Cass Weiland*
S. Cass Weiland
Texas Bar No. 21081300
SQUIRE PATTON BOGGS (US) LLP
2200 Ross Avenue, Suite 4100W
Dallas, Texas 75201
(214) 758-1504 (tel.)
(214) 758-1550 (fax)
cass.weiland@squirepb.com

ATTORNEYS FOR DEFENDANTS WISE COUNTY, SHERIFF LANE AKIN, AND WES WALLACE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via the Court's ECF system on this 28th day of March, 2024.

*/s/ S. Cass Weiland*
S. Cass Weiland