**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHAD LEWIS LANIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-01241-O** |
| | § | |
| **WISE COUNTY, LANE** | § | |
| **AKIN, and WES WALLACE,** | § | |
| | § | |
| **Defendants.** | § | |

## OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss (ECF No. 5), filed March 28, 2024;

Plaintiff's Response (ECF No. 14), filed May 2, 2024; Defendants' Reply (ECF No. 17), filed May

29, 2024; Plaintiff's Sur-Reply (ECF No. 23), filed July 22, 2024; and Defendants' Sur-Sur-Reply

(ECF No. 24), filed August 1, 2024. After examining the relevant authorities and arguments, the

Court **GRANTS** Defendants' Motion.

## I.    BACKGROUND[1]

Chad Lewis Lanier ("Plaintiff") brings this lawsuit against former employers Wise County,

Wise County Sheriff Lane Akin ("Defendant Akin"), and Wes Wallace ("Defendant Wallace")

(collectively, "Defendants") for sexual harassment while Plaintiff was employed at the Wise

County Sheriff's Office.

Over an eighteen-month period, Plaintiff was subjected to repeated, explicit, and unwanted

sexual comments from Defendant Wallace, his supervisor. Defendant Wallace repeatedly told

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Complaint. *See* Pl.'s Compl., ECF No. 1. At this stage, these facts are taken as true and viewed in the light most favorable to the plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

Plaintiff to perform oral sex on a co-worker, repeatedly called Plaintiff a "cum-guzzler," and referred to Plaintiff as his lover, among other unwanted sexual comments. Plaintiff complained to Defendant Wise County about this harassment on January 4, 2022. While Defendants Wise County and Akin determined that Defendant Wallace had repeatedly subjected Plaintiff to unwanted sexual comments, they told Plaintiff on January 10, 2022 that he would have to continue working under Defendant Wallace. Plaintiff then chose to retire instead of continuing to work under Defendant Wallace.

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission and Texas Workforce Commission (Civil Rights Division) and received a right to sue letter, prompting him to bring this action for hostile-work-environment sexual harassment, constructive discharge, and retaliation. Defendants filed their Motion to Dismiss on March 28, 2024, which is now ripe for the Court's review.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court may not accept legal conclusions as true, but when well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 678–79. Lastly, dismissal is proper under Rule 12(b)(6) if "the complaint lacks an allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (holding that plaintiffs must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [their] case plausible").

## III.   ANALYSIS

The Court construes Plaintiff's Complaint as asserting three claims against Defendants: hostile-work-environment sexual harassment, constructive discharge, and retaliation.[2] Defendants move to dismiss each claim for failure to state a claim.[3] The Court holds that all claims should be **DISMISSED with prejudice**.

### A.   Sexual Harassment

Plaintiff brings both federal and state sexual harassment claims under Title VII and the Texas Labor Code, respectively, alleging that his sex was a motivating factor of the sexual harassment.[4] Defendants argue that under the relevant standards for same-sex harassment, Plaintiff's claims fail.[5] The Court agrees with Defendants.

---

[2] *See* Pl.'s Compl. 3–4, ECF No. 1.
[3] Defs.' Mot. to Dismiss 2, ECF No. 5.
[4] Pl.'s Compl. ¶ 19, ECF No. 1.
[5] *See* Defs.' Mot. to Dismiss 2–4, ECF No. 5.

1.      **Plaintiff's Title VII sexual harassment claim fails.**

The Fifth Circuit has established a two-step process for evaluating same-sex harassment claims under Title VII. *Russell v. Univ. of Tex. of Permian Basin*, 234 F. App'x 195, 201 (5th Cir. 2007). First, the employee must establish that the sexual harassment was "discrimination because of sex." *Id.* (citing *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 478 (5th Cir. 2002)). Second, if the employee establishes this link, then the court must decide whether the alleged conduct meets the applicable standards for either a *quid pro quo* or hostile work environment claim. *Id.* In this case, Plaintiff brings his sexual harassment claim as a hostile work environment claim,[6] but the Court does not reach the second step because Plaintiff fails to establish "discrimination because of sex."

At the first step, a plaintiff can establish "discrimination because of sex" if, for example, there is "credible evidence that the harasser was homosexual" (and presumably was motivated by sexual desire); the conduct made it "clear that the harasser [was] motivated by general hostility to the presence of [the same sex] in the workplace;" or there is "direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80–81 (1998). "Whatever evidentiary route the plaintiff chooses to follow, he or she must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted '*discrimina[tion]* . . . because of . . . sex.'" *Id.* at 81 (emphasis and alteration in original). Importantly, Title VII is not "a general civility code" that protects against "all verbal or physical harassment in the workplace," even when "the words used have sexual content or connotations." *Id.* at 80.

---

[6] Pl.'s Compl. ¶ 17, ECF No. 1.

To start, Plaintiff does not offer "credible" evidence that Defendant Wallace is homosexual. Plaintiff argues that "Defendant Wallace repeatedly telling Plaintiff Lanier to perform oral sex on [another sheriff] to get him in a better mood," "calling Plaintiff Lanier a 'cum guzzler,'" and referring to Plaintiff as his "lover" "may fairly be inferred to express homosexual desires."[7] Plaintiff likens these facts to those in *La Day*, where the Fifth Circuit found evidence of homosexual interest. 302 F.3d at 479–80. But *La Day* involved "evidence of sexual advances both to the victim and to other employees." *Id.* at 480. Here, Plaintiff offers no such evidence that Defendant Wallace made sexual advances to Plaintiff or anyone else.

Thus, absent evidence that Defendant Wallace committed sexual acts or physically made advances, the Court cannot reasonably infer that Defendant Wallace's harassment was motivated by same-sex attraction, as opposed to an impulse to engage in ordinary, albeit vulgar and offensive, locker-room talk. Even taking as true the fact that Defendant Wallace referred to Plaintiff as his lover, there is no evidence of any sexual *conduct*, only vulgar language. Without this evidence, the most reasonable inference given the social context (a presumably male-dominated sheriff's office) is that Defendant "was simply trying to humiliate [Plaintiff] for reasons unrelated to any sexual interest." *See id.*

Nor does Plaintiff attempt to show that Defendant Wallace's conduct was motivated by a general hostility to the presence of men in the workplace, or that he treated members of both sexes in a mixed-sex workplace differently. Plaintiff does not discuss how Defendant Wallace treated other employees, whether male or female.

In sum, Plaintiff fails to allege that he was the subject of harassment as a result of his sex. Therefore, the Court does not reach whether he meets the requirements to show a hostile work

---

[7] Pl.'s Resp. 8, ECF No. 14.

environment. But even if it did, while the "comments allegedly directed at [Plaintiff] were unquestionably offensive, boorish, and unwelcome," "[t]hat does not [. . .] mean that the so-called 'locker room' talk at issue passes the high bar required to establish an actionable hostile-work-environment claim." *Bowen v. Univ. of Tex. Med. Branch*, No. 3:19-CV-00382, 2022 WL 868707, at *12 (S.D. Tex. Feb. 14, 2022), report and recommendation adopted, No. 3:19-CV-00382, 2022 WL 861506 (S.D. Tex. Mar. 23, 2022).

Therefore, the Court **GRANTS** Defendants' Motion to Dismiss with respect to Plaintiff's Title VII sexual harassment claim.

### 2.     Plaintiff's sexual harassment claim under the Texas Labor Code fails.

Plaintiff asserts sexual discrimination claims against Defendants under Section 21.051 of the Texas Labor Code, which likewise requires the harassment to have occurred *because of* sex. TEX. LAB. CODE § 21.051. The Texas Supreme Court has applied the same federal standard of "credible evidence" of homosexual interest to analyze a same-sex harassment claim brought under state law. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771–74 (Tex. 2018) ("The Texas Legislature modeled [Texas law] on Title VII."). Accordingly, for the same reasons as above, the Court finds that Plaintiff fails to plead sufficient facts that Defendant Wallace was motivated by a sexual desire or otherwise subjected Plaintiff to harassment because of his sex.

Therefore, the Court **GRANTS** Defendants' Motion to Dismiss with respect to Plaintiff's sexual harassment claim under the Texas Labor Code.

### B.     Constructive Discharge

Plaintiff's claim for constructive discharge fails. "Title VII encompasses employer liability for a constructive discharge." *Pa. State Police v. Suders*, 542 U.S. 129, 143 (2004). "A plaintiff who advances [a hostile-work-environment constructive discharge claim] must show working

conditions so intolerable that a reasonable person would have felt compelled to resign." *Id.* at 147. The Fifth Circuit has held that "substantial harassment" involving "continuous and repeated inappropriate verbal comments and physical contact" did not rise to the level necessary to establish a constructive discharge claim. *Landgraf v. USI Film Products*, 968 F.2d 427, 430–31 (5th Cir. 1992). It has also identified six factors to aid in the constructive discharge inquiry: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (6) offers of early retirement that would make the employee worse off whether the offer were accepted or not. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 481 (5th Cir. 2008).

Here, Plaintiff alleges that he was constructively discharged when his supervisor was neither terminated nor removed from supervision within six days after he complained.[8] Plaintiff first complained about Defendant Wallace's behavior on January 4, 2022, and then chose to retire six days later on January 10, 2022.[9] Plaintiff contends that he was discharged for "refusing to be subjected to sexual comments as a condition of employment."[10] But Plaintiff does not assert that he was subjected to continued harassment once he made the complaint. *C.f. Dillard Dept. Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 410 (Tex. App.—El Paso 2002, pet. denied) (finding constructive discharge where an "employee complains about harassment and [that harassment] continues after such complaint").[11] Thus, Plaintiff fails to plead facts showing that sexual comments were indeed a condition of his employment.

---

[8] Pl.'s Compl. 3, ECF No. 1.
[9] *Id.* at 2–3.
[10] *Id.* at 3.
[11] Pl.'s Resp. 11, ECF No. 14.

Moreover, Plaintiff does not satisfy a single *Aryain* factor, as he was not demoted or reassigned to menial work, his pay and job responsibilities were not reduced, and he does not claim that Defendants induced him to resign or retire. Absent such evidence, Plaintiff fails to show that the environment became "so intolerable" that he was compelled to resign.

Therefore, the Court **GRANTS** Defendants' Motion with respect to Plaintiff's constructive discharge claim.

### C.      Plaintiff's Retaliation Claim

Plaintiff's retaliation claim likewise fails. To establish a *prima facie* case of retaliation, a plaintiff must show that "(1) [he] participated in an activity protected by Title VII; (2) [his] employer took an adverse employment action against [him]; and (3) a causal connection exists between the protected activity and the materially adverse action." *Aryain*, 534 F.3d at 484. To show an adverse employment action, a "plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in [the sex discrimination] context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Plaintiff's alleged adverse action was having "to continue to work for Defendant [. . .] Wallace."[12] But Defendants at worst kept the status quo, and the Court fails to see how keeping the status quo could "have dissuaded a reasonable worker from making or supporting a charge of discrimination" in the first place. *See id*. It may not be the desired outcome, but Plaintiff is made no more worse off when his employer preserves the status quo. And, if anything, Plaintiff acknowledges that Defendant Wallace was reprimanded.[13] A disagreement with Defendants'

---

[12] Pl.'s Compl. 3–4, ECF No. 1.
[13] Pl.'s Resp. 12, ECF No. 14 (stating "Defendant Wallace was reprimanded").

choice of reprimand, without a showing that Plaintiff suffered from that action, does not rise to the level of showing that Plaintiff suffered a materially adverse action.

Therefore, because Plaintiff fails to plead factual content alleging an adverse action, the Court **GRANTS** Defendants' Motion to Dismiss with respect to Plaintiff's retaliation claim.

## IV.   LEAVE TO AMMEND

Plaintiff requests the opportunity to amend his pleadings if his pleadings are deficient for any reason.[14] If a plaintiff's pleadings are deficient under Rule 12(b)(6), a district court should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15(a) even "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002). But "leave to amend under Rule 15 is by no means automatic." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). One of the permissible reasons for denying a request for leave to amend is if the amendment would be futile. *Id.*

Here, any amendments would be futile because Plaintiff has not shown that there are  new facts that have come to light. Nor does Plaintiff propose how he would amend his Complaint. Plaintiff was "aware of [Defendants'] objections to [his] complaint as written (because the objections appeared in [Defendants'] principal motion)," but he does "not demonstrate to the [C]ourt how [he] would replead [his claims] more specifically if given the opportunity." *Goldstein*, 340 F.3d at 254–55. Accordingly, the Court denies Plaintiff's general request for leave to amend.

---

[14] Pl.'s Resp. 12–13, ECF No. 14.

## V.      CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint and **DISMISSES with prejudice** Plaintiff's sexual harassment, constructive discharge, and retaliation claims. Plaintiff's request for leave to amend is denied.

**SO ORDERED** on this **21st day** of **October, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**